**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**William G. OSTLER, Respondent.**

**No. 14984.**

United States Court of Appeals Ninth Circuit.

Oct. 5, 1956.

1. Now 8 U.S.C.A. § 1503.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Joseph F. Goetten, Walter R. Gelles, Sp. Assts. to Atty. Gen., for petitioner.

William G. Ostler in pro. per.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

The Commissioner seeks review of a decision of the Tax Court holding that there was no deficiency in respondent's income tax for 1950.

In that year, Frances S. Ostler, then the taxpayer's wife, obtained from him in a California court an interlocutory decree of divorce. The decree became final in 1951. Taxpayer and Frances filed a joint income tax return for 1950.

The Commissioner determined a deficiency on the ground that § 51(b) (5) (B) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 51(b) (5) (B)[1] precludes the filing of a joint return under § 51(b) (1) of the Code[2] while the interlocutory divorce decree was in effect. On petition for redetermination the Tax Court held for the taxpayer on the authority of Eccles v. Commissioner, 19 T.C. 1049, affirmed, 4 Cir., 1953, 208 F.2d 796.

The Tax Court has held to the same effect in Commissioner of Internal Revenue v. Evans, 19 T.C. 1102, affirmed by the Tenth Circuit, 1954, 211 F.2d 378. See also for the same construction of the Code provision Holcomb v. United States, D.C.N.D.Cal., 137 F.Supp. 619, affirmed by us this day.

No judicial holdings to the contrary have been called to our attention. Seeing no sufficient reason for departing from these uniform decisions we affirm the judgment of the Tax Court.

We may add that as an original matter, the Commissioner's argument has considerable merit, but there should be some certitude in the law. If the rules on the tax consequences of interlocutory divorces are to be changed, it should be done by legislative action.

---

1. So far as pertinent, this provision reads: "For the purposes of this section * * * an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married."

2. The language of this section, in pertinent part, reads: "A husband and wife may make a single return jointly."