J. R. CALHOUN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58811. Filed October 25, 1956.

*B. F. Napheys, Jr., Esq.*, for the petitioner.
*Frank C. Conley, Esq.*, for the respondent.

WITHEY, *Judge:* A deficiency in income tax for the year 1953 has been determined by the Commissioner against petitioner, J. R. Calhoun, Jr., in the amount of $1,128.96. The issue presented by the pleadings is whether petitioner has properly filed a joint income tax return for that year with Diana Calhoun after she obtained an interlocutory decree of divorce December 11, 1953.

All of the evidence consists of a stipulation of facts with attached exhibits which is hereby adopted and made a part hereof by this reference.

Petitioner and Diana Calhoun filed a joint amended income tax return for the taxable year 1953 with the director of internal revenue for the district of Colorado on January 31, 1955. The deficiency herein results from a recomputation of tax by the respondent upon the basis of an individual return by petitioner.

Petitioner and Diana were married January 1, 1952. On December 11, 1953, the District Court of Arapahoe County, Colorado, issued its interlocutory decree of divorce to Diana. Respondent's position is that by such decree petitioner and his wife became "legally separated * * * under a decree of divorce" within the meaning of section 51 (b) (5) (B) of the Internal Revenue Code of 1939.[1] In pertinent part the interlocutory decree provided as follows:

> The Court finds that this cause was tried on the 11th day of December, 1953; that the plaintiff appeared in person and by Woodruff B. Cram, Esq., attorney of record, and the defendant by Paul C. Brown, Esq., attorney of record; that the Court has jurisdiction herein and that this decree is entered within the time required by law; and that a divorce ought to be granted to the plaintiff upon the statutory grounds of extreme and repeated acts of cruelty. It is,
>
> ORDERED, ADJUDGED AND DECREED, that during the six months period next ensuing after the date of this decree the parties hereto *shall not be divorced,* and neither party shall contract another marriage; that during such period the Court may, upon motion or petition of either party, or upon its own motion, for good cause shown, after a hearing, set aside this decree; and that after the expiration of such period, if no appeal has been taken or writ of error issued to review the same, and this decree has not been set aside, this decree shall be and become a final decree of divorce at the expiration of six months from the date hereof, and the parties shall be then divorced. * * * [Emphasis supplied.]

The latter paragraph above quoted is in the words of Colorado Revised Statutes of 1953, section 46–1–9.

---

[1] SEC. 51. INDIVIDUAL RETURNS.

  (b) HUSBAND AND WIFE.—

    (1) IN GENERAL.—A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.

      *      *      *      *      *      *      *

    (5) DETERMINATION OF STATUS.—For the purposes of this section—

      *      *      *      *      *      *      *

      (B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.

We have heretofore dealt with this issue on several occasions and have consistently held that the termination of marital status under an interlocutory decree of divorce is dependent upon applicable State law. *Marriner S. Eccles*, 19 T. C. 1049, affirmed per curiam (C. A. 4) 208 F. 2d 796; *Alice Humphreys Evans*, 19 T. C. 1102, affd. (C. A. 10) 211 F. 2d 378; and *Joyce Primrose Lane*, 26 T. C. 405. See also *Commissioner* v. *Ostler*, (C A. 9, 1956) 237 F. 2d 501; and *United States* v. *Holcomb*, (C. A. 9, 1956) 237 F. 2d 502.

The express words of the decree establish clearly that the marital status of petitioner was not changed until at least the expiration of 6 months from its date of issuance. It in no way authorized nor provided for the separation of the parties during that period and, more significantly, made no provision for the payment by petitioner of support money for the maintenance of his wife during that period. Under no construction, we think, can this interlocutory decree be said to have legally separated petitioner from his wife. Under its terms he was married and not legally separated at the close of the taxable year at issue and therefore entitled under section 51 (b) (see footnote 1, *supra*) to file a joint return with her.

It is true, of course, that Congress has evidenced its intent that this section of the Internal Revenue Code, as it has with most others, shall be administered and construed uniformly, but to hold, as respondent suggests, that the Internal Revenue Code, not State law, is determinative of marital status is to controvert such intent. In this case, under applicable State law, petitioner's marital responsibility, upon which basis Congress has made special provision for the filing of joint income tax returns, remains unaltered until the 6-month interlocutory period has passed.

We see no reason to here reverse our holdings in the above-cited cases and therefore hold for petitioner.

The parties have stipulated that in the event we hold for the petitioner on the issue considered above there will be no deficiency in tax and no overpayment of tax. Since we have held for the petitioner, decision will be entered in accordance with the foregoing stipulation.