J. Adrian **PALMQUIST**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. No. 44884.

United States District Court
N. D. California.

Nov. 28, 1967.

Cecil F. Poole, U. S. Atty., Lawrence E. Doxsee, Asst. U. S. Atty., San Francisco, for defendant.

Changaris, Trezza, Ithurburn & Keeley, John J. Trezza, Yuba City, for plaintiff.

## SUMMARY JUDGMENT ON CERTAIN ISSUES

LLOYD H. BURKE, District Judge.

It is ordered and adjudged that:

■ The judgment rendered by Judge Lercara on December 29, 1960 in Palmquist v. Palmquist, Alameda County Superior Court No. 304611, does not order J. Adrian Palmquist to do or refrain from doing anything. It does not order him to pay support to Louise Palmquist or to live separately from her. The Lercara judgment is not a "decree of divorce or of separate maintenance" within the meaning of Section 1(b) (3)

(B) of the Internal Revenue Code of 1954. Consequently, J. Adrian Palmquist does not qualify for head of household tax rates for calendar year 1960.

The judgment rendered by Judge McGee on July 25, 1961 in Palmquist v. Palmquist does order J. Adrian Palmquist to comply with the terms of a settlement agreement, to pay support to Louise Palmquist, and to live separately from her. The McGee judgment is a "decree of * * * separate maintenance" within the meaning of Section 1(b) (3) (B).

However, the McGee judgment did not result in J. Adrian Palmquist and Louise Palmquist being "legally separated" within the meaning of Section 1(b) (3) (B). Our conclusion is compelled by the decisions of the Court of Appeals for the Ninth Circuit in Commissioner of Internal Revenue v. Ostler, 237 F.2d 501 (1956) and United States v. Holcomb, 237 F.2d 502 (1956), which held that a California interlocutory decree of divorce does not result in the individuals being "legally separated * * * under a decree of divorce or of separate maintenance" within the meaning of the predecessor of Section 6013(d) (2) of the Internal Revenue Code of 1954 relating to joint returns.

■ Our conclusion is also in accord with Legget v. Commissioner of Internal Revenue, 329 F.2d 509 (C.A.2d 1964), and Commissioner of Internal Revenue v. Rankin, 270 F.2d 160 (C.A.3d 1959). See Cardinale v. Cardinale, 8 Cal.2d 762, 68 P.2d 351 (1937). It follows that J. Adrian Palmquist does not qualify for head of household tax rates for calendar year 1961.

■ J. Adrian Palmquist paid $15,603.57 during 1960 and $1,555.53 during 1961 to attorneys, investigators, court reporters, process servers, county officials, and others in connection with two property settlement agreements and numerous lawsuits against Louise Palmquist and her attorneys. None of these expenses are deductible by J. Adrian Palmquist under Section 212(2) of the

Internal Revenue Code of 1954 as "ordinary and necessary expenses paid \* \* \* for the management, conservation, or maintenance of property held for the production of income." United States v. Patrick, 372 U.S. 53, 83 S.Ct. 618, 9 L. Ed.2d 580 (1963); United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963).

The United States concedes that a portion of the $7,850 paid during 1960 and the $730 paid during 1961 by J. Adrian Palmquist to attorneys representing him might in fact be for tax advice regarding his tax situation and, if so, would be deductible under Section 212(3) of the Internal Revenue Code of 1954, which allows as a deduction "ordinary and necessary expenses paid \* \* \* in connection with the determination, collection, or refund of any tax." Carpenter v. United States, 338 F.2d 366, 168 Ct.Cl. 7 (1964). Thus a factual issue exists and the parties agree that this factual issue cannot be resolved on this motion for summary judgment.