MERLE JOHNSON, A.K.A. TROY DONAHUE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6047–66.   Filed August 8, 1968.

*Abraham M. Lurie*, for the petitioner.
*Paul G. Wilson*, for the respondent.

#### OPINION

FAY, *Judge:* Respondent determined a deficiency of $5,138.90 in petitioner's income tax for the taxable year 1964.

Petitioner conceded one of the adjustments in the statutory notice of deficiency. The sole issue left for decision is whether petitioner is entitled to use the "head of household" tax rates in section 1(b)(1)[1] for the taxable year 1964.

All of the facts were stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Merle Johnson, a.k.a. Troy Donahue (hereinafter referred to as petitioner), filed a Federal individual income tax return for the taxable year 1964 with the district director of internal revenue, Los Angeles, Calif. He was a legal resident of Los Angeles when he filed the petition in this case.

On January 4, 1964, petitioner married Suzanne Pleshette (hereinafter referred to as Suzanne). In August 1964 petitioner and Suzanne parted company. On August 24, 1964, they entered into a property settlement agreement. The agreement provided, *inter alia*, that petitioner and Suzanne disclaimed all present and future rights, including rights to inherit, to property and income acquired by the other before or during marriage and to be acquired by the other in the future. The agreement also provided that petitioner and Suzanne waived all present and future rights to alimony. In addition, the agreement contained the following:

The parties hereto desire by this Agreement to establish their right to live separately and apart from each other and to adjust and forever settle and determine the rights and claims of each as against the property of the other, and as to any rights of inheritance of each as to the estate of the other.

Now THEREFORE, in consideration of the mutual premises and covenants herein contained, it is agreed as follows:

\*        \*        \*        \*        \*        \*        \*

---

[1] All statutory references are to the Internal Revenue Code of 1954.

### FREEDOM FROM INTERFERENCE

The parties hereto agree that they shall live separate and apart and each be free from the interference, authority and control of the other as fully as if he or she were unmarried * * *

\*      \*      \*      \*      \*      \*      \*

### EFFECTIVE DATE OF AGREEMENT

\*      \*      \*      \*      \*      \*      \*

This Agreement shall not depend for its effectiveness on the approval of the Court in any divorce action which may hereafter be filed.

### INCORPORATION OF AGREEMENT IN DECREE

\*      \*      \*      \*      \*      \*      \*

in the event that an Interlocutory or Final Decree of Divorce is granted to either party, or both, hereto, by any court * * * this Agreement, or the executory provisions hereof may be incorporated in said Decree and made a part thereof.

On September 8, 1964, the Superior Court of California for Los Angeles County granted an interlocutory judgment of divorce to Suzanne. The judgment contained the following:

it appearing that defendant [petitioner] was duly served with process and has not appeared or answered the complaint, and that the default of defendant has been entered; and evidence having been introduced on the part of plaintiff [Suzanne], and said cause having been duly submitted to the Court for decision:

It Is Adjudged that plaintiff is entitled to a divorce from defendant; that when one year shall have expired after the entry of this interlocutory judgment a final judgment dissolving the marriage between plaintiff and defendant be entered, and at that time the Court shall grant such other and further relief as may be necessary to complete disposition of this action.

The Property Settlement Agreement executed by plaintiff and defendant and dated the 24th day of August, 1964 is hereby approved.

It Is Further Ordered, Adjudged and Decreed that the Defendant pay to WARD AND HEYLER, attorneys for plaintiff, for services in connection with the above entitled matter, the sum of One Thousand Dollars ($1,000.00) on or before March 1, 1965, together with all costs incurred in regard to the above entitled matter. * * *

NOTICE—
CAUTION
{ This is not a Judgment of Divorce. The parties are still husband and wife, and will be such until a Final Judgment of Divorce is entered after one year from the entry of this Interlocutory Judgment. The Final Judgment of Divorce will not be entered unless requested by one of the parties.

On or about September 8, 1965, the Superior Court of California for Los Angeles County granted a final judgment of divorce to Suzanne.

At no time during 1964 was Suzanne a nonresident alien. At no time during 1964 were petitioner and Suzanne legally separated under a decree of separate maintenance, as contrasted with a decree of divorce.

Throughout 1964 petitioner furnished over one-half of the amount required to maintain the household which was his mother's principal place of abode.

Petitioner and Suzanne did not file a joint Federal income tax return for the taxable year 1964. In his separate return for that year petitioner claimed two personal exemptions—one for himself and one for his mother. Furthermore, petitioner computed his tax liability with the head-of-household tax rates in section 1(b)(1).

In his statutory notice of deficiency for the taxable year 1964 respondent determined that petitioner was not entitled to use the head-of-household tax rates. He therefore computed petitioner's tax liability with the tax rates in section 1(a).

The issue is whether petitioner is entitled to use the head-of-household tax rates in section 1(b)(1) for the taxable year 1964. The issue hinges upon the question whether petitioner was "married"[2] during 1964 within the meaning of section 1(b)(3)(B), which provides that "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Because petitioner stipulated that he was not legally separated under a decree of separate maintenance in 1964, the narrow question is whether he was "legally separated * * * under a decree of divorce" in 1964.

Petitioner's position appears to be[3] that the interlocutory divorce judgment dated September 8, 1964, rendered him "legally separated * * * under a decree of divorce." We do not agree. It is well settled that an interlocutory judgment of divorce in California does not leave the husband and wife "legally separated * * * under a decree of divorce" for Federal tax purposes. *Commissioner* v. *Ostler*, 237 F. 2d 501 (C.A. 9, 1956), affirming a Memorandum Opinion of this Court; *United States* v. *Holcomb*, 237 F. 2d 502 (C.A. 9, 1956). Cf. *Marriner S. Eccles*, 19 T.C. 1049 (1953), affirmed per curiam 208 F. 2d 796 (C.A. 4, 1953); *Alice Humphreys Evans*, 19 T.C. 1102 (1953), affd. 211 F. 2d 378 (C.A. 10, 1954). While *Ostler* and *Holcomb* deal with the right to file a joint return, the statutory language they construe is identical to that involved herein.[4] There is no reason to resolve the question before us in one way for purposes of the joint return provisions and in another way for purposes of the

[2] Sec. 1(b)(2) defines a "head of household" as follows: "For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year."

[3] We are not certain of petitioner's position and we know nothing of his arguments, because he failed to file a brief even though he was granted two extensions of time in which to do so. We have done our best to formulate his position from his petition and from the opening statement of his counsel.

[4] Sec. 6013(d)(2).

head-of-household tax rate provisions. *Palmquist* v. *United States*, an unreported case (N.D. Cal. 1967, 21 A.F.T.R. 2d 773, 68–1 U.S.T.C. par. 9230).[5] In *Ostler* the circuit court said:

We may add that as an original matter, the Commissioner's argument has considerable merit, but there should be some certitude in the law. If the rules on the tax consequences of interlocutory divorces are to be changed, it should be done by legislative action.

We conclude that petitioner and Suzanne were not "legally separated * * * under a decree of divorce" in 1964. It follows that petitioner is not entitled to use the head-of-household tax rates in section 1(b)(1) for the taxable year 1964.

*Decision will be entered for the respondent.*

---

[5] This case appears to deal with the facts involved in *Palmquist* v. *Palmquist*, 27 Cal. Rptr. 744 (1963).