Jerold R. Bryant v. Commissioner.
Bryant v. Commissioner
Docket No. 102-70 SC.
United States Tax Court
T.C. Memo 1970-265; 1970 Tax Ct. Memo LEXIS 95; 29 T.C.M. (CCH) 1170; T.C.M. (RIA) 70265; September 21, 1970, Filed. Jerold R. Bryant, pro se, 2878 N. 35th St., Milwaukee, Wis. Matthew W. Stanley, Jr., for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year 1967 of $149.49. Concessions having been made, the sole issue for decision is whether petitioner is entitled to compute his tax according to either the head of household rates of section 1(b) [1] or on the basis of a joint return via section 6013. All of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At all times relevant herein petitioner resided in Milwaukee, Wisconsin. He filed his Federal income tax return for the year 1967 with the district director of internal revenue, Milwaukee, *97 Wisconsin. On October 5, 1967, petitioner was granted a decree of divorce from his wife, Norma Lee Bryant, by the State of Wisconsin, Circuit Court, Milwaukee County. Subsequent to the divorce petitioner lived alone and separate from his wife and their two children. For taxable year 1967 petitioner computed his tax liability on the basis of head of household rates. Respondent recomputed the tax employing the rates of a married individual filing a separate return and in so doing determined a deficiency. To be entitled to use the head of household rates petitioner must satisfy section 1(b). [2] It is provided there that a taxpayer will be considered as the head of a household only if "not married at the close of his taxable year." Further, section 1(b)(3)(B) provides that an individual who is legally separated from his wife under a decree of divorce shall not be considered married. The crucial question in this case then becomes whether the Wisconsin divorce decree, received on October 5, 1967, is sufficient to satisfy this provision of the statute. *98 Wisconsin law provides that judgments of divorce do not dissolve the marital relationship until one year from the date of the granting of judgment. Wisc. Stat., Ch. 247.37 (1967). The statute, while not using the specific term, has the effect of creating an interlocutory decree of divorce that becomes a final judgment only after the expiration of one year. Having concluded that the divorce decree of October 5, 1967, is interlocutory in nature, this case is controlled by our holding in Merle Johnson, 50 T.C. 723 (1968). That case involved the availability of head of household rates to a taxpayer 1171 who had received an interlocutory decree of divorce in California. The only difference between that case and the one now before us is that the divorce decrees were from the courts of different States. This, however, is an insufficient ground of distinction. The foundation of the Johnson decision was that the decree was interlocutory, a fact that exists in the case now before us. On the authority of Johnson, we hold that petitioner is not entitled to use the head of household rates. Petitioner makes an alternative claim that if he is found to have been married at *99 the close of the taxable year, then he should be allowed to amend his 1967 tax return and be allowed to recompute his tax on the basis of filing a joint return. This avenue, however, was foreclosed when petitioner filed his petition with this Court. Section 6013(b)(2)(C) [3] provides that the election available to a married man and his spouse to file a joint tax return after filing a separate return for a given taxable year may not be made if either spouse files a petition with the Tax Court in a case involving that year. There can be no doubt that petitioner's claim falls within this provision. Therefore petitioner may not now elect to file a joint tax return for taxable year 1967. Constance B. Kirby, 35 T.C. 306 (1960). *100 Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. SEC. 1. TAX IMPOSED. (b) Rates of Tax on Heads of Households. (1) Rates of Tax. - * * * (B) Taxable Years Beginning After December 31, 1964. - In the case of a taxable year beginning after December 31, 1964, there is hereby imposed on the taxable income of every individual who is the head of a household a tax * * * (2) Definition of Head of Household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)) * * * (3) Determination of Status. - For purposes of this subsection - * * * (B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;↩
3. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (b) Joint Return After Filing Separate Return. - * * * (2) Limitations for Making of Election. - The election provided for in paragraph (1) may not be made - * * * (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court of the United States within the time prescribed in section 6213 * * *↩