Marcia W. Seaman v. Commissioner.
Seaman v. Commissioner
Docket No. 5866-69 SC.
United States Tax Court
T.C. Memo 1970-284; 1970 Tax Ct. Memo LEXIS 79; 29 T.C.M. (CCH) 1331; T.C.M. (RIA) 70284; October 5, 1970, Filed *79 Held, petitioner was not "legally separated from her spouse under a decree of divorce" at the close of the year 1967, as that phrase is used in sec. 214(d)(5), I.R.C. 1954, where she had obtained an interlocutory decree of divorce in California in 1967 which did not become final until May 7, 1968. Consequently, petitioner does not qualify for a deduction for child care expenses under sec. 214, I.R.C. 1954, for the year 1967. Marcia W. Seaman, pro se, 1413 Las Lomitas Circle, Sacramento, Calif. John E. Gigounas, for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent determined a deficiency of $151.29 in petitioner's Federal income tax for the taxable year 1967. The only issue for decision is whether petitioner is entitled to deduct $900 of child care expenses under section 214, I.R.C. 1954. [1]
All of the facts have been stipulated and are found accordingly. Petitioner resided in Sacramento, Calif., at the time she filed her petition herein. She was formerly married to Glenn H. Nance, Jr. (hereinafter referred to as petitioner's former husband), *80 and filed her individual 1967 Federal income tax return under the name of Marcia W. Nance with the district director of internal revenue, San Francisco, Calif.
On March 22, 1967, petitioner obtained an interlocutory decree of divorce from her former husband. Such decree stated in pertinent part as follows: NOW, THEREFORE, as conclusions of law from the foregoing facts, the Court finds, adjudges and decrees that Defendant has been guilty of extreme cruelty and that Plaintiff is entitled to a divorce from this Defendant. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff be and she is hereby awarded the care, custody and control of the two (2) minor children of the parties hereto, to wit, GLENN H. NANCE, III, born September 27, 1963, and MICHELE J. NANCE, born April 21, 1965, with reasonable rights of visitation in Defendant at reasonable times and places. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant pay to Plaintiff the sum of FIFTY ($50) DOLLARS per month per child, for a total aggregate sum of ONE HUNDRED ($100) DOLLARS per month support and maintenance of the two (2) minor children of the parties hereto, payable forthwith and a like sum on the 22nd day *81 of each and every month hereafter until said minor children have reached the age of twenty-one (21) years, become married, emancipated, or subject to further order of the above-entitled court. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant pay to Plaintiff the sum of TWENTY-FIVE ($25) DOLLARS per month alimony, said payments commencing forthwith and a like sum to be paid on the 22nd day of each and every month hereafter, until the remarriage or death of the Plaintiff or until further order of the above-entitled Court * * * This decree is interlocutory, and at the expiration of one (1) year from the date of service of copy of summons and complaint upon the defendant spouse said Plaintiff will be entitled to, and there shall be entered by the Court on motion of either party, or upon its own motion, a final judgment granting the said divorce and restoring the parties hereto to the status of unmarried persons; except if any appeal is taken herefrom or motion for new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or the judgment reversed, and the Court shall grant such other *82 and further relief as may be necessary to a complete disposition of this action. Printed at the bottom of the interlocutory decree was the following notation: NOTICE-CAUTION This is not a judgment of divorce. The parties are still husband and wife, and will be such until a Final Judgment of 1332 Divorce is entered after one year from the date of service of copy of summons and complaint upon the defendant spouse. The Final Judgment will not be entered unless requested by one of the parties. On May 7, 1968, petitioner obtained a final decree of divorce. Petitioner knew the whereabouts of her former husband during the early part of 1967 inasmuch as he was in jail from late 1966 to early 1967. Upon being released from jail, he deserted petitioner and their two children, Glenn H. Nance, III and Michele J. Nance, ages four and two, respectively, in 1967. During the entire year of 1967, petitioner was employed full time as a stenographer. In order that she could be so employed, petitioner expended in excess of $900 during 1967 for child care for her children. Petitioner deducted on her 1967 Federal income tax return the $900 as child care expenses, such deduction being disallowed *83 by respondent in the statutory notice of deficiency. Petitioner failed to receive child support payments from her former husband in 1967. Petitioner referred this to the Sacramento County District Attorney's office for enforcement of support payments. At the end of 1967, petitioner's former husband was a fugitive from justice in violation of his parole. Petitioner had no knowledge as to the earnings, if any, of her former husband in 1967; nor did petitioner know whether he filed a Federal income tax return for his taxable year 1967. Section 214 allows as a deduction expenses paid during the taxable year by a taxpayer who is a woman for the care of one or more dependents, but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. The amount deductible is limited to $600 for one dependent and $900 for two or more dependents. However, paragraph (b)(2) of section 214 provides that in the case of a woman who is married, the deduction shall not be allowed unless the taxpayer and her spouse file a joint return for the taxable year. Petitioner did not file a joint return with her spouse for the year here involved, so if she was married within the meaning *84 of this statute she was not entitled to the deduction for child care. Paragraph (d)(5) of section 214 provides that, for purposes of this section, a woman shall not be considered as married if: (A) she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year, or (B) she had been deserted by her spouse, does not know his whereabouts (and has not known his whereabouts at any time during the taxable year), and has applied to a court of competent jurisdiction for appropriate process to compel him to pay support or otherwise to comply with the law or a judicial order, as determined under regulations prescribed by the Secretary or his delegate. It is stipulated that petitioner knew the whereabouts of her spouse during the early part of 1967, so our conclusion turns on whether petitioner was married or not considered married within the meaning of paragraph (d)(5)(A) set out above. Petitioner does not argue otherwise. Petitioner's argument is that she was "legally separated under a decree of divorce" and that she was within the class of persons to which Congress expressly intended to extend legislative grace by enactment *85 of section 214. With respect to the latter we might agree with petitioner that she is within the general class of persons Congress intended to benefit by enactment of section 214 and, because of her unfortunate circumstances throughout the year 1967, we would be happy to be able to extend those benefits to her, but it is clear that Congress intended to extend the benefits of section 214 only to those persons within the general class who meet the other standards specifically attached by Congress. For example, it would appear that petitioner would qualify for relief under paragraph (d)(5)(B) except for the fact that she knew the whereabouts of her spouse during the early part of 1967. The fact that the spouse was in jail and thus could not help her support her children and later deserted her makes no difference and petitioner does not argue that it does. It is well established that an interlocutory decree of divorce does not dissolve the marriage under California law. Riddell v. Guggenheim, Jr., 281 F. 2d 836 (C.A. 9), Brown v. Brown, 170 Cal. 1, 147 Pac. 1168. Consequently, petitioner was still legally married at the end of 1967 because she did not obtain *86 a final decree of divorce until May 7, 1968. Thus 1333 petitioner must show that she "shall not be considered as married" under section 214(d)(5)(a); i.e., that she was "legally separated from her spouse under a decree of divorce," at the close of 1967 in order to prevail here. If this was an issue of first impression we might be inclined to give petitioner's argument more consideration. However, both this Court and the Court of Appeals for the Ninth Circuit, which is the controlling circuit for this case, have held that taxpayers who have received interlocutory divorce decrees in California are still considered to be married for purposes of other sections of the Internal Revenue Code where almost identical language is used. See Marriner S. Eccles, 19 T.C. 1049 (1953), affd. 208 F. 2d 796 (C.A. 4, 1954); Joyce Primrose Lane, 26 T.C. 405; and J. R. Calhoun, Jr., 27 T.C. 115 (1956), involving the right to file joint returns; Alice Humphreys Evans, 19 T.C. 1102 (1953), affd. 211 F. 2d 378 (C.A. 10, 1954), concerning whether payments were taxable as alimony; and Merle Johnson, 50 T.C. 723 (1968), *87 involving the right of a taxpayer to use head-of-household rates; all decided by this Court. See also Commissioner v. Ostler, 237 F. 2d 501, affirming a Memorandum Opinion of this Court, and United States v. Holcomb, 237 F. 2d 502, involving joint returns; and Riddell v. Guggenheim, Jr., supra, involving whether payments were alimony, decided by the Court of Appeals for the Ninth Circuit. While it is true that section 214 was not involved in any of the above cases, the statutory language they construe is almost identical with the language we are concerned with in section 214 and, as we said in Merle Johnson, supra at 725: There is no reason to resolve the question before us in one way for purposes of the joint return provisions and in another way for purposes of the head-of-household rate provisions. * * * We likewise find no justification for construing the same language differently for purposes of section 214. Congress has used the same language so frequently in various sections of the Internal Revenue Code that we must assume it intended the words to have the same meaning in each instance. See Commissioner v. Ostler, supra, *88 and Marriner S. Eccles, supra. Although the legislative history of section 214 does lend some support to petitioner's argument that she is within the general class of individuals intended to be benefitted by section 214, both the statutory language and the language in S. Rept. No. 1013, 80th Cong., 2d Sess., 1948-1 C.B. 285, 324, couple the term "legally separated" with the phrase "under a decree of divorce," and the latter phrase cannot be ignored. Petitioner may have been legally separated at the end of 1967 but the courts have repeatedly held that such a separation was not under a decree of divorce as that phrase is used in the internal revenue laws. [2] If it is deemed appropriate that the benefits of section 214 should be extended to individuals in petitioner's circumstances, relief must be sought in Congress. *89 Following the prior decisions of this Court and the Court of Appeals for the Ninth Circuit, we must hold for respondent. Decision will be entered for the respondent. 1334 Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended.↩
2. Lending some support to petitioner's argument is the following language appearing in S. Rept. No. 1013, 80th Cong., 2d Sess., 1948-1 C.B. 285, 324, regarding the determination of marital status with respect to the exemption deduction for a spouse (after stating that the first rule in determining whether an individual is married is that the determination shall be made as of the close of the taxable year): "The second rule is that an individual legally separated (although not absolutely divorced) from his spouse under a decree of divorce or separate maintenance shall not be considered as married." The parenthetical clause seems somewhat meaningless if the "decree of divorce" referred to must be a final decree. Also the words "legally separated" in the statute seem somewhat superfluous if the decree of divorce referred to in the statute means a final decree of divorce. And why would the statute provide that a woman "shall not be considered as married" if she had actually become unmarried by a final decree of divorce? However, this Court said in Marriner S. Eccles, 19 T.C. 1049, affd., 208 F. 2d 796 (C.A. 4, 1954), with reference to similar language: "This language can hardly be regarded as a Congressional directive regarding interlocutory decrees issued by the courts of Utah. However, in regulations explaining the meaning of this same language as it occurs in section 22(k) * * *, the respondent has made it plain that a decree of divorce refers to a final decree and the word "final" is hardly used inadvertently for these regulations repeat its use several times. See Regulations 111, section 29.22(k)-1(a), examples (1) and (2)."↩