Elizabeth Mae **HARBIN**, Plaintiff-Appellee,

v.

**UNITED STATES of America,** Defendant-Appellant.

No. 20336.

United States Court of Appeals, Sixth Circuit.

Oct. 9, 1970.

Stephen H. Hutzelman, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, C. Guy Tadlock, Attys. Dept. of Justice, Washington, D. C., on the brief), for appellant; John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., of counsel.

Thearon F. Chandler, Knoxville, Tenn., for appellee.

Before CELEBREZZE and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

**PER CURIAM ORDER.**

This matter comes to us on appeal from a judgment of the District Court granting Appellee a refund on her income taxes. The District Court 307 F. Supp. 490 held that certain payments she received pursuant to a divorce decree were excludable from her income as "child support payments" pursuant to 26 U.S.C. § 71(b); and hence, the tax she paid on such payments was to be refunded.

The state divorce decree in relevant part reads: "It is further agreed by the parties that the defendant (Appellee's former husband) will pay plaintiff (Appellee) the sum of $30 per week beginning the 26th day of December, 1964." In the District Court, Appellee introduced very substantial evidence that while the divorce decree was silent as to the characterization of the $30 weekly payments, that it was understood that the payment was for "child support," rather than for alimony. The Appellee has not, however, received a *nunc pro tunc* order from the Tennessee State Court amending the original entry of the divorce decree. *See* Johnson v. Commissioner of Internal Revenue, 45 T.C. 530 (1965–1966).

We find that the United States Supreme Court decision in Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961) controls the factual circumstances of this case where the parties concede that the divorce decree and incidental written agreements, if any, are silent as to the characterization of periodic payments.

The judgment of the District Court is reversed.