Daniel De Mane and Isabel De Mane v. Commissioner.
De Mane v. Commissioner
Docket No. 359-70 SC.
United States Tax Court
T.C. Memo 1971-4; 1971 Tax Ct. Memo LEXIS 329; 30 T.C.M. (CCH) 35; T.C.M. (RIA) 71004; January 7, 1971, Filed Daniel De Mane and Isabel De Mane, pro se, 271 King St., Port Chester, N. Y. Michael A. Menillo, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $577.22 in petitioners' income tax for the year 1966. The sole issue is whether certain amounts received by petitioner Isabel De Mane from her former husband pursuant to a separation agreement must be included in her income under the provisions of section 71(a) *330 or constitute child support payments not includable in her income [1] under section 71(b). *331 36 Some of the facts have been stipulated and are found accordingly. Petitioners had their legal residence in Port Chester, New York, at the time of filing the petition herein. They filed a joint return for 1966 with the district director of internal revenue, Manhattan, New York. Isabel De Mane (hereinafter Isabel) and Louis Fusco (hereinafter Louis) were married in 1948. They had four children, Claire, Mark, Adrienne, and David. None of them had attained the age of 18 during the taxable year in question. In May 1963, Isabel and Louis entered into a separation agreement which gave custody of the children to Isabel and further provided: 8. The Husband shall pay to the Wife for her support and the support of the children, the sum of Seventy five ($75.00) Dollars per week. On January 25, 1965, Isabel and Louis entered into a second agreement modifying the aforementioned separation agreement. This agreement provided: 1. That the provisions of Paragraph "8" are amended to read as follows: "8. The husband shall pay to the wife for her support and the support of the children the sum of Seventy-Five Dollars ($75.00) per week. Such payments shall continue until each of the *332 children shall reach the age of twenty-one (21) years. As any one child attains the age of twenty-one (21) years, or sooner dies or sooner becomes fully emancipated after age eighteen (18) and is self-supporting, then the support shall be decreased in the sum of Fifteen Dollars ($15.00) per week for any such child. Likewise, in the event the parties should be divorced and the wife thereafter at any time remarry, the provision for support of the wife and children shall likewise be decreased by the sum of Fifteen Dollars ($15.00) per week as to the wife. Anything to the contrary herein contained notwithstanding the present support of Seventy-Five Dollars ($75.00) for the wife and children is expressly not allocable to the wife or the children in any particular amount or portion thereof but represents a necessary sum for the wife to support the children." Isabel and Louis were divorced in March 1965. Isabel remarried in October 1965. During the taxable year in question, 1966, Isabel received payments of $3,120 from her former husband pursuant to the above agreement. In 1967, Isabel filed a petition in the Family Court of the State of New York, County of Westchester, seeking to have *333 the payments from her former husband increased and also seeking a clarification of the arrangements with respect to payments by Louis. In an order dated November 8, 1967, the Family Court denied the request for increased payments, stating, "I find no cause to increase the * * * payments of Sixty ($60.00) dollars per week for the support of [the] children." If we were permitted to consider the intent of Louis and Isabel as a factor in reaching a decision as to whether the payments in question were "alimony" or "child support," we would be inclined to conclude that the payments after Isabel's remarriage were for child support. But the mandate of Commissioner v. Lester, 366 U.S. 299, 303 (1961), forecloses this line of inquiry. In order for section 71(b) to apply, the decree or written instrument must "specifically designate" or "fix" the amount of child support. Commissioner v. Lester, supra, at pp. 303, 305. In Commissioner v. Gotthelf, 407 F. 2d 491 (C.A. 2, 1969), affirming 48 T.C. 690 (1967), relied upon by petitioners, a rider to the agreement was found to constitute an unambiguous specific designation. See also West v. United States, 413 F. 2d 294 *334 (C.A. 4, 1969). Unfortunately for petitioners, the provisions of the agreement in question, as modified, either as a result of carelessness or preconceived plan, are contradictory and therefore ambiguous. Consequently, they cannot be said to meet the degree of precision required by Lester. Nor have petitioners been able to remedy this flaw by resort to external evidence. The separation agreement cannot be said to have been merged into the divorce decree.[2]Holahan v. Holahan, 298 N. Y. 798, 83 N.E. 2d 696 (1949); Haboush v. Haboush, 56 Misc. 2d 666, 290 N. Y. S. 2d 13 (1968); see Goldman v. Goldman, 282 N. Y. 296, 2637 N.E. 2d 265, 268 (1940). Cf. McMains v. McMains, 15 N. Y. 2d 283, 206 N.E. 2d 185 (1965); Moat v. Moat, 27 App. Div. 2d 895, 277 N.Y.S. 2d 921 (1967); Meyer v. Meyer, 5 App. Div. 2d 655, 174 N. Y. S. 2d 701 (1958); Hinckley v. Hinckley, 54 Misc. 2d 1, 281 N.Y.S. 2d 165 (1967). Therefore, the mere fact of remarriage is irrelevant in determining whether some portion of the payments by Louis can be considered for the support of Isabel. Compare, Allen Hoffman, 54 T.C. 1607 (1970), *335 on appeal (C.A. 7, Nov. 9, 1970). Nor can the order entered by the Family Court in November 1967 serve to eliminate retroactively the ambiguity contained in the modified separation agreement. Compare Harbin v. United States, 432 F. 2d 943 (C.A. 6, 1970), reversing 307 F. Supp. 490 (E.D. Tenn. 1969), and Mary James Wilson, 49 T.C. 1 (1967), with Gloria P. Johnson, 45 T.C. 530 (1966). Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
2. Paragraph 11 of the 1963 agreement provides: 11. Nothing herein shall be construed as or interpreted so as to prevent either party from suing the other for divorce, and in the event a decree of divorce is entered by either party against the other in any court of competent jurisdiction, this separation agreement shall be incorporated in and made part of such divorce decree, it being further understood that this Agreement shall be binding upon either of the parties hereto notwithstanding any valid judgment of decree of divorce and shall survive the same.↩