Ralph G. Foster v. Commissioner.
Foster v. Commissioner
Docket No. 5427-70SC.
United States Tax Court
T.C. Memo 1971-240; 1971 Tax Ct. Memo LEXIS 92; 30 T.C.M. (CCH) 1032; T.C.M. (RIA) 71240; September 21, 1971, Filed Ralph G. Foster, pro se, 5620 1/2 Edgemar Ave., Los Angeles, Calif. Stephen W. Simpson, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in the petitioner's income tax for taxable year 1968 of $768.64. Concessions having been made, the issues remaining for decision are: (1) the proper amount of charitable deduction allowable; (2) whether the petitioner is entitled to a dependency exemption for each of his three children; (3) the deductibility *93 of legal fees paid to the petitioner's former wife's attorney; and (4) whether the petitioner is entitled to use head of household rates in computing his tax. [1]
Findings of Fact Some of the facts have been stipulated, and such facts, together with the exhibits attached to the stipulation, are incorporated herein by this reference. Ralph G. Foster (hereinafter referred to as petitioner) was a resident of Los Angeles County, California, during the taxable year 1968 as well as at the time of filing the petition herein. He filed a separate income tax return for calendar year 1968 with the district director of internal revenue, Los Angeles, California. Petitioner, a school bus driver, was employed by the Los Angeles City schools. His gross income for taxable year 1968 was $9,539.01. In computing his taxable income petitioner deducted $430 as gifts to various charities. Respondent disallowed $190 of the charitable deduction for lack of substantiation. In January of 1968 petitioner's wife, Rhenee Foster, together with the three children of the marriage, *94 moved out of the 1033 family home. An interlocutory decree of divorce was received in July 1968 awarding the wife custody of the three children. The final decree of divorce was received in July of 1969. From the time of their separation in January, throughout the year in question, petitioner lived alone. Pursuant to a court order petitioner moved out of the family residence in July 1968. After his departure petitioner's former wife and children returned to the home. During the year in question Rhenee Foster was employed as a school teacher earning an annual salary of approximately $8,800. Commencing in January 1968 she assumed responsibility for managing the family affairs and providing for the children. The total support provided by Rhenee was approximately $1,300 for each of two children and $1,200 for the third and youngest child. Pursuant to a court order petitioner was required to pay $50 per month per child. During 1968, however, petitioner voluntarily paid only $300 in support money for all of the three children combined. An additional $200 was received from petitioner through garnishment proceedings. Rhenee incurred legal fees of $1,075 in acquiring the divorce from *95 petitioner. Under court order petitioner paid the legal fees incurred by his former wife in severing the marital relationship. On his income tax return for 1968 petitioner deducted the legal fees paid to his former wife's attorney, took a dependency exemption for each of the three children, and computed his tax by employing the head of household rates. Respondent, determining that the above items, as well as the charitable contributions, were not properly deductible by petitioner, asserted the deficiency involved herein. Opinion The first issue to be decided is the proper amount of charitable deduction to be allowed petitioner for taxable year 1968. Respondent has disallowed $190 of the $430 claimed by petitioner. The burden of proving that he is entitled to a deduction greater than was allowed rests with petitioner. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.Petitioner may meet this burden by establishing with credible evidence that charitable contributions were made in excess of the amounts allowed. Petitioner presented no evidence whatsoever in support of his contention. On direct examination petitioner testified that contributions *96 were actually made in excess of the amounts shown on his return. We cannot, however, accept his barren and conclusory testimony as sufficiently substantiating petitioner's claimed deduction. We therefore hold that due to lack of substantiation petitioner is entitled to no greater charitable deduction than was allowed by respondent. Petitioner next contends that he properly deducted dependency exemptions for each of his three children. In order to be entitled to a dependency exemption for his children it is necessary for petitioner to satisfy the requirements of section 151(e) [2] which in turn looks to section 152. [3] We are not convinced by the evidence that petitioner has satisfied section 152. To qualify as a dependent the statute requires that petitioner has provided more than one-half of each child's support for the year in question. We have found as facts that petitioner provided at the very most $500 in support for all three children combined and that over $1,000 was spent for each child's support during the year. This, of course, demonstrates the absence of merit in petitioner's position. Moreover, in a divorce situation section 152(e) awards the dependency exemption to the *97 parent having custody of the children unless dictated otherwise by the divorce decree and the noncustodial parent satisfies the remaining requirements of that section. [4] Since petitioner in this case 1034 has shown no facts whatsoever tending to bring him within either of the two exceptions to section 152(e), we must conclude that the exemptions were properly disallowed by respondent. *98 On his 1968 income tax return petitioner sought to deduct $1,075 paid to his former wife's attorney as the fee for severing the marital relationship. Even when such fees are paid under court order, as they were here, they are considered personal expenses and hence nondeductible. United States v. Patrick, 372 U.S. 53 (1963); Lindsay C. Howard, 16 T.C. 157 (1951), aff'd [53-1 USTC 9213] 202 F. 2d 28 (C.A. 9, 1953). While such a payment is certainly an extraordinary expense as petitioner claims, it cannot form the basis of a deduction without express Congressional sanction. Lastly, in computing his tax liability for the year in question, petitioner employed the head of household rates. Petitioner's use of the more favorable rates was clearly improper. To fit within the definition of section 1(b)(2) as a head of household petitioner must be one who is not married at the close of his taxable year and maintains as his home the principal place of abode of his children. At the close of the year in question petitioner and his wife were separated under an interlocutory divorce decree. Such a decree does not render the spouses unmarried. The status *99 of being unmarried is not reached until a final divorce decree is entered. Merle Johnson, 50 T.C. 723 (1968). Nor did petitioner maintain as his home a household which constituted the principal place of abode, as a member of such household, of his children. Petitioner frankly admits that he lived alone. Petitioner therefore fails to satisfy the requirements of section 1(b)(2) and is not entitled to employ the head of household rates. Decision will be entered under Rule 50 Footnotes
1. Petitioner conceded at trial a fifth issue relating to the double deduction of $175 relating to the purchase of eyeglasses.↩
2. Unless otherwise specified all statutoryreferences are to the Internal Revenue Code of 1954. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * ↩
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
4. SEC. 152. DEPENDENT DEFINED. * * * (e) Support Test in Case of Child of Divorced Parents, Et Cetera. - (1) General Rule. - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2) as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩