**William F. HOLCOMB and Idris M. Holcomb, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 34443.

United States District Court
N. D. California, S. D.

Oct. 18, 1955.

Max Weingarten, San Francisco, Cal., for plaintiffs.

Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for defendant.

MURPHY, District Judge.

This is an action against the United States of America for the recovery of an alleged overpayment of federal income taxes in the amount of $8,293.70, plus interest. The sole issue involved is whether, under the facts of the case, plaintiffs were entitled to file a joint return for the calendar year 1951 pursuant to the provisions of Section 51 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 51.

The stipulated facts are: the plaintiffs were married on December 1, 1923, and lived together as man and wife until approximately June 28, 1950. On or about the latter date the taxpayers separated by mutual consent and executed a property settlement agreement, which agreement made no provision for alimony or support payments temporary or otherwise. On or about August 13, 1951, Idris M. Holcomb was awarded an interlocutory decree of divorce, incorporating the above mentioned property settlement, by the Superior Court of the State of California, which decree became final on August 18, 1952. Plaintiffs filed separate returns for the calendar year 1951. On June 23, 1954, plaintiffs filed a joint return for 1951 and a claim for a refund of $8,293.70 which was denied.

The determination of this case rests upon the interpretation of Sec. 51(b) (5) (B) of the Internal Revenue Code of 1939 which states that "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married" for the purposes of filing a joint return.

Admittedly the parties herein were not divorced in 1951. It is elementary that in California an interlocutory decree of divorce does not destroy the marriage. Brown v. Brown, 170 Cal. 1, 147 P. 1168. Nor were they legally separated by what is commonly known as a decree of separate maintenance. It is pertinent in this connection to stress the fact that the property settlement did not provide for support payments and none in fact were ever received by the wife with the exception of $4,840 worth of

alimony *pendente lite*. Defendant however contends that the section in question also applies to persons who, while still legally married for other purposes, were "legally separated * * * under a decree of divorce". This contention has been made before and has been rejected. The identical issue was raised in Marriner S. Eccles v. Commissioner of Internal Revenue, 19 T.C. 1049, affirmed, 4 Cir., 208 F.2d 796, which held that since an interlocutory decree under Utah law did not dissolve the marriage, a joint return was proper. In the case of William G. Ostler v. Commissioner, Docket No. 52185, T.C. Memo 1955—207, filed 7/25/55, the same result was reached on the same issue under California law.

In view of what seems to be the settled law in this area, the issue in this proceeding is decided in favor of the plaintiffs.

Pursuant to Rule 52(a), Fed.Rules Civ. Proc., 28 U.S.C.A., this memorandum shall be in lieu of findings of fact and conclusions of law.

Judgment accordingly.