*Decisions will be entered under Rule 50.*

JOYCE PRIMROSE LANE (FORMERLY JOYCE PRIMROSE BOOZER), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51294. Filed May 31, 1956.

*Dermot R. Long, Esq.*, for the petitioner.
*Arthur Clark, Jr., Esq.*, for the respondent.

OPINION.

Rice, *Judge:* In support of his determination that the return in question was the individual return of petitioner rather than a joint return, respondent argues that petitioner and Boozer, in any event, were precluded from filing a joint return for 1950 because of the interlocutory decree of divorce granted during such year. The petitioner, on the other hand, argues that our decision in *Marriner S. Eccles*, 19 T. C. 1049 (1953), affd. 208 F. 2d 796 (C. A. 4, 1953), holds that an interlocutory decree of divorce does not constitute a legal separation under a decree of divorce or separate maintenance within the meaning of section 51 (b) (5) (B) of the 1939 Code.[1]

We agree with the petitioner that our decision in the *Eccles* case, while it dealt with an interlocutory decree of divorce granted by the courts of Utah, is equally controlling in the case before us here involving a similar California decree.

A case with facts almost identical to the one before us here was recently decided by the United States District Court for the Northern District of California. In *Holcomb* v. *United States*, 137 F. Supp. 619 (N. D., Calif. 1955), a husband and wife were separated in June 1950 and at that time executed a property settlement agreement which, similar to the one before us here, contained no provision for alimony

[1] SEC. 51. INDIVIDUAL RETURNS.
  (b) HUSBAND AND WIFE.—
      *        *        *        *        *        *        *
    (5) DETERMINATION OF STATUS.—For the purposes of this section—
      *        *        *        *        *        *        *
      (B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.

or support, temporary or otherwise. In August 1951, the wife was awarded an interlocutory decree which incorporated such settlement agreement. The interlocutory decree became final in August 1952. The parties filed a joint return for 1951 which the Government contended they could not do because of the interlocutory decree. The District Court said:

Admittedly the parties herein were not divorced in 1951. It is elementary that in California an interlocutory decree of divorce does not destroy the marriage. Brown v. Brown, 170 Cal. 1, 147 P. 1168. Nor were they legally separated by what is commonly known as a decree of separate maintenance. It is pertinent in this connection to stress the fact that the property settlement did not provide for support payments and none in fact were ever received by the wife with the exception of $4,840 worth of alimony *pendente lite*. Defendant however contends that the section in question also applies to persons who, while still legally married for other purposes, were "legally separated * * * under a decree of divorce". This contention has been made before and has been rejected. The identical issue was raised in Marriner S. Eccles v. Commissioner of Internal Revenue, 19 T. C. 1049, affirmed, 4 Cir., 208 F. 2d 796, which held that since an interlocutory decree under Utah law did not dissolve the marriage, a joint return was proper. In the case of William G. Ostler v. Commissioner, Docket No. 52185, T. C. Memo 1955—207, filed 7/25/55, the same result was reached on the same issue under California law.

We think the conclusion reached by the District Court in the *Holcomb* case was correct and that the petitioner and her husband here were entitled to file a joint Federal income tax return for 1950.

We note that Revenue Ruling 178, 1955–1 C. B. 322, announces that the Internal Revenue Service considers an interlocutory decree of divorce as being a decree of divorce within the meaning of section 51 (b) (5) (B) despite our decision in the *Eccles* case and its affirmance by the Court of Appeals. We think that ruling is wrong.

Having determined that petitioner and Boozer were entitled to file a joint return for the year 1950, we turn to the question of whether the return which petitioner filed for such year was, in fact, a joint return.

Whether married taxpayers intend to file joint or separate returns is a question of fact. *Myrtle O. Calhoun*, 23 T. C. 4 (1954); and *Hyman B. Stone*, 22 T. C. 893 (1954). The fact that the return in issue was not signed by Boozer would seem to lend support to the respondent's determination that it was not a joint return; but, the fact that one spouse does not sign the return does not conclusively establish the intent of the parties that the return as filed with only one signature was a separate rather than a joint return. *Myrtle O. Calhoun, supra; Hyman B. Stone, supra; Zabelle Emerzian*, 20 T. C. 825 (1953); *W. L. Kann*, 18 T. C. 1032 (1952), affd. 210 F. 2d 247 (C. A. 3, 1953), certiorari denied 347 U. S. 967 (1954); *Myrna S. Howell*, 10 T. C. 859 (1948), affd. 175 F. 2d 240 (C. A. 6, 1949); and *Joseph Carroro*, 29 B. T. A. 646 (1933).

We appreciate the difficult burden which the petitioner faced in this case of trying to establish the intent of a party, now deceased, at the time this return was filed in 1951. However, we think from all the evidence before us that petitioner has made a sufficient showing to overcome the presumptive correctness of the respondent's determination. We think the sixth paragraph of the settlement agreement which petitioner and Boozer signed in 1950, together with her testimony and that of both her own attorney and Boozer's attorney, clearly establishes that Boozer agreed to sign a joint Federal income tax return for the year 1950 as a part of the property settlement agreement by which he received $12,500. Boozer's attorney also testified that when he made appointments for Boozer to sign the return, Boozer agreed to do so but failed to keep the appointments. The fact that he did so fail and did not, in fact, sign the return is understandable in the light of his physical handicap and his excessive use of alcohol. We therefore conclude, in accordance with our findings, that the return which the petitioner filed for 1950 was a joint return for herself and her then husband, Edward Francis Boozer, and that the respondent erred in failing to compute her correct liability on the basis of a joint return.

We understand that petitioner does not now contest the imposition of the addition to tax for substantial underestimate of estimated tax determined by the respondent under the provisions of section 294 (d) (2).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

MURDOCK, *J.*, dissenting: The Court has no idea why the husband did not sign the return, and the evidence does not overcome the presumption of correctness attaching to the Commissioner's determination.

HARRON and PIERCE, *JJ.*, agree with this dissent.