Irving S. FEDERBUSH and Sylvia C. Federbush, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Sylvia C. FEDERBUSH, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 58, 59, Dockets 28075, 28076.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1963.

Decided Dec. 4, 1963.

Bernard J. Mellman, St. Louis, Mo. (Morris A. Shenker, St. Louis, Mo., co-attorney, Edward K. Schwartz and Burnett Schwartz, St. Louis, Mo., co-attorneys for petitioner Irving S. Federbush, on the brief), for petitioner Sylvia C. Federbush.

William A. Friedlander, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, and Meyer Rothwacks, Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

The determinations of the Tax Court in respect to which petitioners claim error are:

(1) Holding the returns for the years 1942 through 1946 and 1948 to be joint returns on which both husband and wife were liable for any deficiency.

(2) Holding that funds diverted by petitioner Irving Federbush were not embezzled and were therefore taxable, and that petitioners were properly ruled to be subject to the fraud penalty under Section 293(b) of the Internal Revenue Code of 1939.

1

**2**

(3) Holding that the amount of the unreported funds diverted by Irving Federbush was $66,657.40.

 Whether the returns were joint returns turns upon an issue of fact: the intention of the parties. We find no reason to interfere with the findings of the trier of the facts as to this issue.

In the proceedings in the Tax Court petitioners claimed that the diverted funds were not subject to income tax under Commissioner v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946), because they were embezzled. The Tax Court found against them on this issue before the Supreme Court overruled Wilcox in James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). Petitioners argue that the ruling in James was only prospective in effect and inapplicable to funds embezzled before the decision.

 We hold that the Tax Court was correct in finding that the funds were not embezzled.

The funds of a corporation were diverted by Irving Federbush and four of his brothers. Each of the five owned one-sixth of the corporate stock. By reason of their control of the corporation they could have voted themselves all but a very small proportion of the diverted funds (less than one-sixth, since the brothers made regular payments to the sixth stockholder). The sole controlling purpose of the diversion was evasion of income taxes. It would be ironic indeed if this petitioner could succeed in his scheme to avoid payment of income taxes by claiming that he embezzled the funds in question. See Kann v. Commissioner, 210 F.2d 247 (3d Cir. 1953), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109 (1954).

As we hold that the funds were not embezzled, it is unnecessary to discuss the effect of the Wilcox and James decisions on the taxability of the diverted funds and the propriety of a fraud penalty.

The record reveals that petitioners failed to sustain their burden of showing that the amount of the deficiency as found by the Commissioner was incorrect.

We affirm the determination of the Tax Court.