Nicholas J. and Frances M. Capos v. Commissioner.
Capos v. Commissioner
Docket No. 3794-68.
United States Tax Court
T.C. Memo 1970-224; 1970 Tax Ct. Memo LEXIS 134; 29 T.C.M. (CCH) 975; T.C.M. (RIA) 70224; August 3, 1970; Filed. Joseph M. Solon, 200 S. La Salle St., Chicago, Ill., for the petitioners. James F. Hanley, Jr., for the respondent. SCOTT Revised Opinion from Order 30 CCH Tax Ct Memo 180. Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax for the years and in the amounts as follows: Year
Deficiency
Addition to tax under Sec.6653(b) I.R.C. 1954
1959
$ 6,256.73
$3,128.37
1960
9,485.37
4,742.68
1961
14,947.09
7,473.55
1962
16,876.41
8,438.20
1963
396.80
*135 At the trial the parties disposed of all of the issues raised by the pleadings by stipulation except the issue of whether Frances M. Capos is liable for deficiencies and additions to tax for the years 1959, 1960, 1961, and 1962. Petitioners conceded the deficiency as determined by respondent for the calendar year 1963. Findings of Fact Some of the facts were orally stipulated and those facts are found accordingly. Petitioners are husband and wife who resided in Chicago, Illinois at the time the petition in this case was filed. Petitioners filed joint Federal income tax returns for the calendar years 1959 through 1962 with the district director of internal revenue, Chicago, Illinois, using the cash receipts and disbursements basis. These returns disclosed the following: Year
Gross income
Taxable income
Tax liability
1959
$38,572.72
$27,454.04
$ 8,285.24
1960
39,123.16
27,956.39
8,501.25
1961
40,743.54
29,752.98
9,343.90
1962
48,404.66
38,252.37
13,532.06
1959
$36,434.25
$12,630.14
$ 4,344.90
1960
42,633.53
15,962.61
7,461.36
1961
53,110.08
22,120.99
12,777.09
1962
62,906.91
28,166.26
14,634.20
Petitioners for the taxable *136 years 1959 through 1962 in fact realized taxable income, incurred tax liabilities, and understated their tax liabilities on their Federal income tax returns as follows: For the years 1959 through 1962 petitioner Nicholas J. Capos was employed by Meyer and Rosi, a medical partnership. In addition to this employment he had his own medical practice. He maintained no books and records for the years 1959 through 1962 in connection with his own medical practice. Petitioner Nicholas J. Capos failed to include in the taxable income reported by petitioners on their tax returns funds received by him from his own medical practice in the amounts of $7,549.50, $12,575.75, $21,461.50, and $23,067.00 for the calendar years 1959, 1960, 1961, and 1962, respectively. Petitioner Nicholas J. Capos also failed to include in the taxable income reported by petitioners on their Federal income tax returns dividends in the amounts of $854.20, $1,231.45, and $407.85 for the calendar years 1960, 1961, and 1962, respectively. At the time petitioners filed their joint Federal income tax returns for the calendar years 1959 through 1962 petitioner Nicholas J. Capos knew that the taxable income reported therein *137 was understated by the amount of the medical fees he received from his own practice and the dividends which he received during these years. All or part of the underpayment by petitioners of income taxes for the years 1959 through 1962 was due to fraud with intent on the part of petitioner Nicholas J. Capos to evade tax. Petitioner Frances M. Capos during the years here involved signed the returns which were filed by petitioners in blank and thereafter petitioner Nicholas J. Capos filled in the returns, signed, and filed them. During some of the years here involved petitioner Frances M. Capos had some income. 976 When her husband would bring to her the blank return to sign, he would ask her for a statement of her income in order that he might include her income in the income reported on their joint tax return. Frances M. Capos never went to her husband's office. She had no knowledge of what his earnings were either from his employment or his own medical practice. When petitioners were married, Nicholas J. Capos had an understanding with Frances that she would not interfere in any way with his medical practice. Petitioner Frances M. CPAPOS DID KNOW WHEN SHE SIGNED EACH RETURN *138 IN BLANK THAT SHE WAS PLACING HER SIGNATURE ON THE RETURN IN ORDER THAT SHE AND HER HUSBAND MIGHT FILE A JOINT INCOME TAX RETURN. This had been the practice of petitioners at least since 1946 when petitioner Nicholas J. Capos returned from the military service. Opinion Petitioners never clearly state the basis on which they contend that petitioner Frances M. Capos is not liable for the deficiencies in income taxes and additions to tax determined herein. They stipulated that the income tax returns for the years 1959 through 1962 were joint returns. For this reason it appears they are not contending, as have some petitioners, that the returns should not be considered joint because of the circumstances under which petitioner Frances M. Capos signed the returns. Petitioners do not contend that Frances M. Capos signed the returns under duress. See Irving S. Federbush, 34 T.C. 740, 755-757 (1960n8, affirmed per curiam 325 F. 2d 1 (C.A. 2, 1963), for a discussion of the effect of duress in obtaining the wife's signature on the valdity of a return filed in the form of a joint return. The evidence here shows that petitioner Frances M. Capos understood that each *139 return was to be a joint return when she signed it in blank. She signed the return in blank because of her husband's request that she do so and the understanding that she and her husband had that she would not interfere in any way with his medical practice. Apparently, because of signing the returns in blank, Frances M. Capos was totally unaware of her husband's fraud in omitting part of their income from their joint returns. Her lack of knowledge does not cause the return not to be a joint return, nor does this fact cause Frances not to be liable for the deficiencies and additions to tax for fraud. Kathleen C. Vannaman, 54 T.C. 1011 (May 18, 1970). As we pointed out in Kathleen C. Vannaman, it is not necessary that there be fraud on the part of a wife who files a joint return in order for her to be liable for the deficiencies and additions to tax. She is liable because of the joint and several liability provisions of section 6013(d)(3), I.R.C. 1954. The mere fact that a husband does not disclose to his wife that he is omitting from their joint returns certain items of income does not relieve the wife who files a joint return of liability for the deficiencies occasioned *140 by such omission, Betty Bell Huelsman, 54 T.C. - (June 29, 1970), or of the liability for the additions to tax for fraud. We hold that Frances M. Capos, as well as Nicholas J. Capos, is liable for the deficiencies in tax and additions to tax due as shown by the stipulated facts in this case. We hold that Frances M. Capos, as well as Nicholas J. Capos, is liable for the deficiencies in tax as shown by the stipulated facts in this case, but that Nicholas J. Capos only is liable for the addition to tax under section 6653(b), I.R.C. 1954. Section 6653(b), I.R.C. 1954, was amended on January 12, 1971, by Sec. 2, 68a Stat. 822, to provide that "this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse." This amendment is applicable to all taxable years to which the Internal Revenue Code of 1954 applies. The parties in this case have stipulated that giving effect to this amendment, petitioner Frances M. Capos is not liable for the addition to tax under the provisions of section 6653(b) for the taxable years 1959, 1960, 1961, and 1962. Irene F. Scott, Judge.