THOMAS A. GARLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garland v. Commissioner
Docket No. 785-76.
United States Tax Court
T.C. Memo 1977-373; 1977 Tax Ct. Memo LEXIS 70; 36 T.C.M. (CCH) 1522; T.C.M. (RIA) 770373; October 27, 1977, Filed L. Roland Sturm, for the petitioner. Wayne G. Chew, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1972 Federal income tax of $7,779, plus an addition to tax of $388.95 under section 6653(a). [1]
The question presented is whether petitioner and his wife intended to file a joint income tax return in 1972. FINDINGS OF FACT Petitioner, an attorney, resided in Columbia, Maryland, at the time he filed his petition. Petitioner and Mary R. Garland were married but lived apart after March 16, 1970. They *71 filed joint returns for 1970 and 1971. To aid in the preparation of the 1972 return, Mary early in 1973 supplied petitioner with a record of the 1972 mortgage payments on their residence. During 1972, Mary earned no taxable income. By early April 1973, relations between the two individuals had become extremely strained. On April 3, 1973, a hearing was held on their pending divorce action. At this hearing, Mary learned for the first time that by agreeing to file a joint return with petitioner she was exposing herself to joint and several liability for any taxes due. On May 16, 1973, their divorce became final. On April 16, 1973, petitioner asked Mary to sign a joint return he had prepared for 1972. She, however, refused to sign it until her lawyer, who was then on vacation, had an opportunity to review it. She was concerned about exposing herself to joint liability. Petitioner decided not to wait but instead signed her name on the joint return, adding his initials to the right of her name. Petitioner did not leave a copy of the return with Mary, nor did he tell her that he was going to sign her name to the return. In January 1974 respondent attached certain of Mary's *72 and her children's bank accounts. This was the first indication she had concerning what her husband had done. On November 11, 1974, she formally notified respondent that she had not signed the 1972 joint return. Petitioner subsequently was unable to get her to agree to sign the return. OPINION Section 6013(a) provides, with certain exceptions, that a husband and wife may jointly make a single return of income taxes, even though one of the spouses has neither gross income nor deductions. It is well established that the question of whether a joint return has been filed is a factual one. Lane v. Commissioner,26 T.C. 405, 408 (1956); cf. Estate of Campbell v. Commissioner,56 T.C. 1, 12 (1971) (question of joint return arose in the context of respondent's determination that nonsigning spouse was jointly liable with signing spouse under section 6013(a)). The answer to this factual question turns upon the intention of the spouses. Hennen v. Commissioner,35 T.C. 747, 748 (1961); Chilcote v. United States,20 AFTR 2d 5409, 5410, 67-2 USTC par. 9623 (ND Ind. 1967) (1939 Code). If an intent to file a joint return *73 otherwise exists, it is not fatal that one spouse did not sign the return. Hennen v. Commissioner,supra at 747; Lane v. Commissioner,supra at 408. Petitioner bears the burden of proving that he and his former wife intended to file a joint return. Rule 142(a), Tax Court Rules of Practice and Procedure.
The evidence here shows clearly that Mary Garland did not intend to file a joint return with petitioner for 1972. Mary never signed the 1972 return. She refused to sign the return because she did not want to become jointly and severally liable for any additional taxes that might be due and owing. Moreover, reasonably promptly upon discovering that her then husband had signed her name, she notified respondent by letter that she had not signed the 1972 return. Efforts on petitioner's part to get Mary to acquiesce to a joint return for 1972 were futile. We conclude that the 1972 return filed by petitioner was not a joint return. The next issue is whether petitioner is liable for an addition to tax under section 6653(a) due to an underpayment of income tax arising from negligence or intentional disregard of rules and regulations. Petitioner *74 bears the burden of rebutting the presumptive correctness of respondent's determination. Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971); Marcello v. Commissioner,43 T.C. 168, 182 (1964), affd. 380 F. 2d 499, 506-507 (5th Cir. 1967), cert. denied 389 U.S. 1044 (1968). The requirement that both spouses must sign a joint return is clear and unambiguous. Petitioner, an attorney, reflected his understanding of this requirement through his attempts to have Mary ratify the return. Petitioner failed to present any evidence to rebut respondent's determination. We therefore conclude that he has failed to carry his burden of persuasion on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩