DAVID L. FISCUS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SUZANNE MERRILEE ELLIS (BURGESS), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fiscus v. Commissioner
Docket Nos. 21762-80, 21963-80.
United States Tax Court
T.C. Memo 1982-465; 1982 Tax Ct. Memo LEXIS 278; 44 T.C.M. (CCH) 826; T.C.M. (RIA) 82465; August 10, 1982. David L. Fiscus, pro se. James A. Kutten, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $4,617.62 and $1,234.12 *279 in the 1977 Federal income taxes of petitioners David L. Fiscus and Suzanne Merrilee Ellis, respectively. [1] After concessions, the remaining issues are (1) whether additional compensation in the form of post differential paid to petitioner David L. Fiscus while stationed in Korea is exempt from tax, (2) the filing status of petitioner David L. Fiscus, and (3) whether petitioner Suzanne Merrilee Ellis filed a joint return with petitioner David L. Fiscus. These cases are consolidated for purposes of trial, briefing, and opinion. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner David L. Fiscus resided in St. Louis, Mo., when he filed his petition herein. Petitioner Suzanne Merrilee Ellis resided in Hurst, Tex., when she filed her petition herein. *280 During 1977, petitioner David L. Fiscus (hereafter also referred to as David or petitioner) was employed by the Department of Army as a civilian in Taegu, Korea. In 1977 David received wages of $27,784.92 which included $4,168.00 paid as a foreign post differential. In addition to those wages, David received a $4,400 living quarters allowance. Petitioners, David and Suzanne Merrilee Ellis (Suzanne), were married prior to and during 1977. In August 1977, they entered into a written separation agreement. The day after this agreement was signed, Suzanne returned to the United States from Korea to live with her parents. In April 1978, David and Suzanne were divorced by a decree of the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Ill. Prior to that divorce decree, there was no decree of separate maintenance ordered by any court. David originally filed his 1977 Federal income tax return as a single individual. He did not report the $4,168 post differential as income. Suzanne did not file a 1977 Federal income tax return. David amended his 1977 return changing his filing status to a married individual filing jointly. A signature purporting to be that of Suzanne *281 M. Fiscus appears on the amended return. Suzanne, however, never signed and amended return and she never intended to file a joint return. Since what appeared to be a joint return was filed, respondent sent duplicate originals of the same notice of deficiency to both petitioners who, by this time, had separate mailing addresses. Respondent determined the post differential must be included in petitioners' gross income. In his answer in docket No. 21963-80, respondent further asserts that petitioner David L. Fiscus was not entitled to file either as a single individual or as a married individual filing jointly, but rather, he was required to file as a married individual filing separately. In the event we find a joint return was in fact filed, respondent asserts a deficiency against petitioner Suzanne Merrilee Ellis. OPINION The first issue is whether petitioner David L. Fiscus is allowed an exemption from Federal income tax for the amount of additional compensation received as a post differential while stationed in Korea. In 1960, Congress passed the Overseas Differentials and Allowances Act (hereafter the ODA), Pub. L. 86-707, 74 Stat. 792-802, 5 U.S.C. secs. 5921 *282 -5926 which provides a means for compensating government employees for the extra cost and hardship incident to their overseas assignments. [2] Title II of the ODA provides for three types of compensation in addition to the basic pay for civilian employees: living quarters allowances, cost-of-living allowances, and post differentials. The post differential is granted on the basis of conditions of environment environment which differ substantially from conditions of environment in the continental United States and serve as a recruitment and retention incentive. Section 523 of the ODA amended section 912(1) of the Internal Revenue Code of 1954, [3] as amended, to read as follows: *283 SEC. 912. EXEMPTION FOR CERTAIN ALLOWANCES. The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle: (1) Foreign Areas Allowances.--In the case of civilian officers and employees of the Government of the United States, amounts received as allowances or otherwise (but not amounts received as post differentials) under-- (C) title II of the Overseas Differentials and Allowances Act, * * * [Emphasis added.] Although post differentials are provided for by title II of the ODA, they are specifically excepted by the parenthetical language of section 912(1) from tax exempt status accorded other forms of allowances provided by the ODA. [4] Clearly, the statute does not exempt from taxation the post differential at issue herein. Accordingly, petitioner David L. Fiscus must include those amounts in his 1977 gross income. The second issue is the correct filing status of petitioner David L. Fiscus. Respondent contends petitioner's correct filing status is married filing separate. Petitioner contends *284 he is entitled to file as a single individual. We agree with respondent. Petitioner filed his original return as a single individual and, thereafter, filed an amended return claiming the status of married filing jointly. We have found as a fact that Suzanne Merrilee Fiscus, petitioner's wife at that time, did not sign the amended return and had no intention of filing a joint return. Thus, it is clear petitioner did not file a joint return. However, petitioner contends he is entitled to the filing status of a single individual. We disagree. Marital status for tax purposes is determined on the last day of the taxable year. Sec. 143(a)(1). If a taxpayer is legally separated under a decree of divorce or a decree of separate maintenance, then he shall not be considered married for tax purposes. Sec. 143(a)(2). However, if a married couple simply enter into a written separation agreement and are divorced sometime after the close of the taxable year, with certain exceptions not relevant herein, they are considered married for tax purposes. Sec. 1.143-1(a), Income Tax Regs.; Donigan v. Commissioner,68 T.C. 632 (1977). Although petitioners were separated at the *285 end of 1977 pursuant to a written separation agreement entered into between themselves, they were not divorced until 1978. Since they were not separated in 1977 under a decree of divorce or a decree of separate maintenance, petitioner is considered married for tax purposes. [5] Accordingly, since no joint return properly was filed, petitioner's correct filing status is as a married individual filing separately. The final issue pertains to the deficiency asserted against petitioner Suzanne Merrilee Ellis. Respondent's position is that, in the event we find that a joint return was filed, then petitioner Suzanne Merrilee Ellis is liable for the asserted deficiency. *286 Our holding that petitioner's ex-wife did not sign and did not in fact intend to file a joint return is dispositive of this issue. See Estate of Campbell v. Commissioner,56 T.C. 1 (1971); Federbush v. Commissioner,34 T.C. 740 (1960), affd. per curiam 325 F.2d 1 (2d Cir. 1963). Therefore, petitioner Suzanne Merrilee Ellis is not liable for the taxes owed by her former husband, David L. Fiscus. To reflect concessions and the foregoing, Decision will be entered under Rule 155 in docket No. 21762-80.
Decision will be entered for petitioner in docket No. 21963-80.
Footnotes
1. Respondent sent a notice of deficiency of $1,234.12 to each of the petitioners herein. Each petitioner therein filed his and her separate petition giving rise to the two docketed cases. With respect to petitioner David L. Fiscus, respondent, in his answer, increased the deficiency to $4,617.62. With respect to petitioner Suzanne Merrilee Ellis, the asserted deficiency remains $1,234.12.↩
2. Sec. 203 of the Overseas Differentials and Allowances Act, Pub. L. 86-707, 74 Stat. 792, 793, 5 U.S.C. sec. 5922(c) authorizes the President to issue regulations regarding the payment of allowances and differentials. Pursuant to Exec. Order No. 10903, 26 Fed. Reg. 217 (January 12, 1961), President Dwight D. Eisenhower delegated to the Secretary of State authority to issue regulations governing the payment of post differentials under title II of the Overseas Differentials and Allowances Act. Standardized Regulations of the State Department, issued pursuant to that authorityd delegated by the President, show that Taegu, Korea qualified for a 15 percent post differential for each month in 1977. Generally, regulations issued pursuant to the Overseas Differentials and Allowances Act control when payments are made to government employees notwithstanding rules and regulations issued pursuant to laws in effect prior to the passage of that Act. See sec. 522, Pub. L. 86-707, 74 Stat. 792, 802, Overseas Differentials and Allowances Act. ↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
4. Respondent correctly does not propose to tax the $4,400 living quarters allowance received by petitioner in 1977.↩
5. Petitioner argues that since the separation agreement was notarized by the Judge Advocate General (JAG), the separation agreement should be given the same effect as if decreed by a court. Petitioner's argument must be rejected; the JAG does not function as a court. Petitioner also argues the 1977 Internal Revenue Service income tax instruction booklet supports his claim. Whatever that booklet says, it is simply not an authoritative source of law. Zimmerman v. Commissioner,71 T.C. 367↩ (1978).