HILDA J. CREW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crew v. Commissioner
Docket Nos. 12386-79, 16907-80.
United States Tax Court
T.C. Memo 1982-535; 1982 Tax Ct. Memo LEXIS 215; 44 T.C.M. (CCH) 1145; T.C.M. (RIA) 82535; September 16, 1982. *215 Petitioner was married from 1936 until 1979, and filed joint income tax returns with her husband for the years of their marriage prior to 1974. During this period, petitioner's husband assumed full responsibility for the preparing and filing of the couple's joint income tax returns. During parts of 1974 through 1977, petitioner was separated from her husband. Although she filed separately in 1974, she failed to do so in 1975 and 1976. Held, petitioner intended to file joint returns with her husband during the years in question. John P. McGinnis, for the petitioner. Barbara McCasskill, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In these consolidated *216 cases, respondent determined deficiencies in petitioner's Federal income taxes by notices dated June 15, 1979 and June 10, 1980, respectively, as follows: Docket
Taxable year
No.
ended Dec. 31,
Deficiency [1]
12386-79
1975
$7,871.43
16907-80
1976
11,395.95
After concessions, the sole issue for decision is whether petitioner filed joint income tax returns with her husband for the taxable years 1975 and 1976. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided at Warrensville Heights, Ohio at the time of filing the petition herein. She did not file separate returns for the taxable years in issue. Petitioner was married to Dr. William E. Crew from 1936 until 1979. The Crews filed joint income tax returns for the years of their marriage prior to 1974. For 1974, however, petitioner filed a separate income tax return. Petitioner did not participate in the preparation or filing of the joint income *217 tax returns prepared and filed prior to 1974. Her husband assumed this responsibility during the years of their marriage up to that time. Petitioner did not always sign the joint returns prepared by, or at the direction of, her husband. Petitioner and her husband were divorced in October 1979. During 1974 she was separated from her husband from January until June. During both 1975 and 1976 she was separated from Dr. Crew from April until September. She permanently separated from her husband in April 1977. Petitioner supported herself by working as a substitute teacher for the Cleveland Board of Education during much of this time. Her income as such was subject to withholding by her employer. For the taxable years 1975 and 1976 Dr. Crew had his returns prepared by a Ms. Yolanda Askew. Petitioner did not participate in the preparation or filing of these returns. The names of both petitioner and Dr. Crew were signed by Ms. Askew on the 1975 return. On the 1976 return Dr. Crew signed both his and his wife's names at the bottom of the return. OPINION The sole issue for decision is whether petitioner filed a joint return with her husband for the taxable years 1975 and *218 1976. Section 6013(a) provides, with certain exceptions not here relevant, that a husband and wife may file a joint return notwithstanding that one of the spouses has no gross income or deductions. Generally, a joint return must be signed by both spouses. Section 1.6013-1(a)(2), Income Tax Regs. However, it is settled that where an income tax return is intended by both spouses to be a joint return, the absence of the signature of one spouse will not prevent their intention from being realized. Estate of Campbell v. Commissioner,56 T.C. 1, 12 (1971); Federbush v. Commissioner,34 T.C. 740, 757 (1960), affd. per curiam 325 F.2d 1 (2d Cir. 1963). The issue of intent is one of fact, Estate of Campbell v. Commissioner,supra at 12; Lane v. Commissioner,26 T.C. 405, 408 (1956), with the burden of proof resting upon petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The intent to file jointly may be inferred from the acquiescence of the nonsigning spouse. Hennen v. Commissioner,35 T.C. 747, 748 (1961). *219 Petitioner contends that she did not intend to file jointly during the years in question and attributes her failure to file separately to the emotional turmoil created by the breakdown of her marriage. Respondent points to petitioner's husband's established practice of preparing joint returns for the couple over the many years of their marriage, with or without petitioner's signature, and to petitioner's failure to take affirmative steps to upset this pattern. We agree with respondent and find that petitioner has failed to establish that she did not intend to file joint returns for the years in question. Petitioner filed a separate return for 1974, the year during which she was separated from her husband from January until June. She asserts that such filing constituted an affirmative act that allegedly undermines respondent's contention that she acquiesced in the filing of a joint return by her husband in the subsequent 2 years. We believe, however, that petitioner's separate filing in 1974 is more supportive of respondent's position in that it demonstrates that petitioner was conscious of the requirement that she file a separate return if such tax status was desired. Her *220 subsequent failure to file separate returns during 1975 and 1976 was not explained to our satisfaction. We believe that she demonstrated knowledge of her obligation to file tax returns by her 1974 action, and consequently it is reasonable to infer that her failure to file separately for the years in issue is attributable to her acquiescence in returning to her prior custom of filing jointly. Certainly petitioner undertook no affirmative act indicating that she intended to file other than jointly. She left her withholding tax forms where her husband had access to them. There is no evidence that she informed her husband or his tax return preparer of her alleged intention to file separately, [2] or that she ever notified the Internal Revenue Service or her nonacquiescence. [3] Although it is not an absolute necessity that the nonacquiescing spouse take these specific steps, some manifestation of intent must be shown in view of petitioner's inability to explain her failure to file separately during the years in issue. The fact that the couple had a history of filing joint returns and that petitioner relied entirely upon her husband to prepare and file the returns is evidence that returns *221 filed as joint returns were intended as such. Estate of Campbell v. Commissioner,supra at 12; O'Connor v. Commissioner,412 F.2d 304, 309 (2d Cir. 1969), affg. a Memorandum Opinion of this Court. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. The parties have stipulated that the revised deficiency for 1975 is $6,174.59 and for 1976, $10,247.45.↩
2. See Chilcote v. United States, an unreported case ( N.D. Ind. 1967, 20 AFTR 2d 5409↩, 67-2 USTC par. 9623). 3. See Garland v. Commissioner,T.C. Memo. 1977-373; Price v. Commissioner,T.C. Memo. 1975-7↩.